UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| FUTURE MEDIA ARCHITECTS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No.<br>) |
| DEUTSCHE LUFTHANSA AG, | ) JURY TRIAL REQUESTED<br>) |
| Defendant. | )<br>)<br>) |

# COMPLAINT

Plaintiff Future Media Architects, Inc. (hereinafter referred to as "FMA" or "Plaintiff"), by its attorneys, Kenyon & Kenyon LLP, as and for its Complaint against defendant Deutsche Lufthansa AG (hereinafter referred to as "Lufthansa" or "Defendant"), alleges as follows, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### Nature of Action and Subject Matter Jurisdiction

1. This is a declaratory judgment action arising under the trademark laws of the United States and the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1051 *et seq.* By this action, FMA seeks a declaratory judgment that: (1) its ownership of the domain name <www.lh.com> does not violate any alleged rights owned by Lufthansa; and (2) any trademark rights in and to the phrase "lh" allegedly owned by Lufthansa are invalid, void and/or otherwise unenforceable.

2. Subject matter jurisdiction over this action is conferred upon this Court: (i) pursuant to 28 U.S.C. §§ 2201 and 2202, because it involves a request for declaratory

judgment in a case of actual controversy; and (ii) pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1114 and 1125, because, *inter alia*, the suit concerns rights under the Lanham Act.

## Personal Jurisdiction and Venue

This Court has personal jurisdiction over Defendant, and venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. § 1391, in that, on information and belief, Defendant is doing and transacting business within this District; has substantial contacts with and/or may be found in this District; and/or a substantial portion of the events at issue have arisen and continue to occur in this Judicial District, among others.

## The Parties

3.  Plaintiff FMA is an Internet development company with a business address at P.O. Box 71, Road Town, Tortola, British Virgin Islands.

4.  On information and belief, Defendant Lufthansa is a German Corporation with addresses at Von-Gablenz-Strasse 2-6, 50679 Koln, Germany and 1640 Hempstead Turnpike, East Meadow, NY 11554.

## Background of the Controversy

5.  FMA is a leading Internet development company. It develops its own Internet properties, Internet portals and technology.

6.  FMA's own development projects include, for example:

    MP3.tv, a music community portal that was launched by FMA in January 2002. This website enjoys hits from well over 30,000 unique visitors a day from more than 120 countries.

    DJ.net, a portal for DJs who require a web presence and want to network with other professionals in their industry. This site was launched by FMA in February 2003 and is also available as a search engine to locate a DJ.

2

OXiDE.com, FMA's own search engine.

7. FMA does not do development for third parties.

8. As part of its business, FMA is the owner of approximately 100,000 domain names.

9. FMA does not sell its domain names, and does not purchase domain names with the intention of selling them.

10. In fact, anyone contacting FMA regarding the purchase of a domain name is automatically sent the following email:

> Dear Sir/ Madam,
>
> To individuals and entities interested in purchasing a domain name from FMA, we regret to advise you that pursuant to the Company's Policy and Strategic Planning, all domain names owned by Future Media Architects, Inc. are not for sale at this time. We do not anticipate this policy changing in the near future.

11. One of the domain names owned by FMA is <www.lh.com> (the "Domain Name").

12. FMA has received numerous offers to purchase the Domain Name, including at least one offer of one million dollars or more.

13. Despite the significant amount of money offered for the Domain Name, FMA has not sold the domain name.

14. One such entity that has offered to purchase the domain name, although for an undetermined price, is Lufthansa.

15. Lufthansa first contact FMA regarding the Domain Name approximately two years ago.

16. As per its policy, FMA did not enter negotiations to sell the Domain Name.

17. Since first contacting FMA, Lufthansa has periodically contacted FMA or its attorneys at Kenyon & Kenyon seeking to negotiate the sale or transfer of the Domain Name to Lufthansa.

18. FMA has steadfastly refused to sell the Domain Name to Lufthansa, or any other party.

19. On or about February 25, 2008 Lufthansa filed a U.D.R.P. Complaint against FMA seeking a forced transfer of the Domain Name to Lufthansa (Case Number FA0802001153492).

20. In support of its U.D.R.P. Complaint, Lufthansa alleges, *inter alia*, that:

(1) it owns the "internationally known and famous trademark and service mark LH";

(2) FMA's use of the Domain Name creates a likelihood of confusion with Lufthansa's alleged LH mark;

(3) FMA has no right to the Domain Name; and

(4) FMA registered the Domain Name in bad faith.

21. FMA's ownership of the Domain Name does not infringe any rights that Lufthansa may allegedly own.

22. FMA has never had a bad faith intent to profit from the Domain Name or exercised bad faith in any manner.

23. FMA did not register the Domain Name in bad faith.

24. FMA has a right to own and use the Domain Name as it did not register it in bad faith.

25. Lufthansa's alleged LH mark is not distinctive now, and was not distinctive when FMA registered the Domain Name.

26. Luftansa's alleged LH mark is not famous now, and was not famous when FMA registered the Domain Name.

27. Lufthansa does not have any protectable rights to its alleged LH mark in the United States.

28. FMA's ownership of the Domain Name is not likely to cause confusion with any rights allegedly owned by Lufthansa.

29. FMA has always believed, and continues to believe that the use of the domain name was a fair use or otherwise lawful, as the term "lh" is not distinctive of any one source or entity.

30. In light of the facts averred above, FMA has a reasonable apprehension that Lufthansa will initiate a trademark infringement and/or cybersquatting suit against it, claiming that FMA is infringing Lufthansa's alleged rights by its ownership of the Domain Name.

31. Furthermore, FMA is entitled to United States Federal Court review of its rights to the Domain Name under 15 U.S.C. § 1114(2)(d)(v); as the Domain Name has been suspended and placed outside of the control of FMA as a result of the U.D.R.P. proceeding.

32. Thus, an actual and justiciable controversy concerning FMA's ownership of the Domain Name exists between FMA and Lufthansa.

## COUNT I

### DECLARATION THAT FMA'S OWNERSHIP OF THE DOMAIN NAME DOES VIOLATE ANY OF LUFTHANSA'S ALLEGED RIGHTS

33. FMA repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. By reason of the existence of an actual and justiciable controversy as discussed herein, FMA is entitled to a declaratory judgment that its ownership of the Domain Name does not violate any rights owned by Lufthansa. Accordingly, FMA seeks a declaration of the Court that its ownership of the Domain Name does not violate any rights owned by Lufthansa.

## COUNT II

### DECLARATION THAT LUFTHANSA'S ALLEGED LH MARK IS INVALID, VOID AND/OR OTHERWISE UNENFORCEABLE

35. FMA repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. By reason of the existence of an actual and justiciable controversy as discussed herein, FMA is entitled to a declaratory judgment that any trademark rights in and to the phrase "lh" allegedly owned by Lufthansa are invalid, void and/or otherwise unenforceable. Accordingly, FMA seeks a declaration of the Court that any trademark rights in and to the phrase "lh" allegedly owned by Lufthansa are invalid, void and/or otherwise unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FMA demands judgment against Defendant Lufthansa for:

A.   a declaration of the Court that FMA's ownership of the Domain Name does not violate any rights owned by Lufthansa;

B.   a declaration of the Court that any trademark rights in and to the phrase "lh" allegedly owned by Lufthansa are invalid, void and/or otherwise unenforceable

C.   an injunction prohibiting Lufthansa from alleging or threatening that FMA's use of the Domain Name or the term "lh" does violate any federal, state, or common law trademark rights owned by Lufthansa, including without limitation, prohibiting Lufthansa from seeking transfer of the Domain Name via U.D.R.P. or any other means;

D.   requiring Lufthansa to account and pay over to FMA all damages sustained by FMA;

E.   an award of costs and reasonable attorneys' fees; and

F.   such other and further relief as the Court may deem equitable and proper.

Dated: March 17, 2008

KENYON & KENYON LLP

By: _____
James E. Rosini (JR 7791)
Michael Kelly (MK 6776)
One Broadway
New York, New York 10004
(212) 425-7200

Attorneys for Plaintiff
Future Media Architects, Inc.