UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
Future Media Architects, Inc.,                :

        Plaintiff,                                        :

    -against-                                           :      08 CV 02801 (LAK)

                                                          :      ECF CASE
Deutsche Lufthansa AG,
                                                          :
        Defendant.
                                                          :
------------------------------------ X

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
DEUTSCHE LUFTHANSA AG'S MOTION TO DISMISS PURSUANT TO
RULE 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION**

McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York  10173
212-547-5400
Attorneys for Defendant
Deutsche Lufthansa AG

Defendant Deutsche Lufthansa AG ("Lufthansa"), by and through its attorneys McDermott Will & Emery LLP, submits this reply memorandum in support of its motion to dismiss Counts I and V of Plaintiff Future Media Architects, Inc.'s ("Plaintiff" or "FMA") first amended complaint. FMA's opposition to the motion to dismiss consists largely of factual and legal misstatements, which are addressed and clarified below.

In its attempt to establish that a case or controversy exists regarding Lufthansa's federally registered LUFTHANSA Mark sufficient to support its overly broad declaratory judgment claim (Count I) and its cancellation claim (Claim V) as to this mark, FMA misconstrues both the determinative issues before the Court and as well as statements made by Lufthansa both before and during the ICANN arbitration proceeding. Contrary to FMA's argument, the issue is not "whether Lufthansa should be able to use its rights in its LUFTHANSA mark and trade name as a sword against Plaintiff, while at the same time avoiding having to address specific allegations that it fraudulently obtained and maintained" this federal registration. (*See* FMA Opposition ("Opp."), at p. 2). This is not the issue because, simply put, Lufthansa <u>never</u> used the federally registered LUFTHANSA Mark as a sword against FMA and in fact, never even mentioned, much less asserted, the federally registered trademark at any time. (Emphasis added). FMA's statement belies the plain facts before this Court. In the UDRP arbitration complaint, Lufthansa very clearly confined the basis for its claim to the allegation that FMA's domain name <lh.com> ("the Domain Name") was identical or confusingly similar to Lufthansa's LH Mark, in which Lufthansa had established common law trademark rights. (*See* Exhibit 1 to Lufthansa's opening memorandum, UDRP Complaint at p. 6, ¶19-20, ). While Lufthansa argued that FMA's use of the Domain Name would divert internet users from Lufthansa's legitimate web sites (*i.e.*, <www.lh2006.com>, <www.flylh.com>, and <www.lufthansa.com>) to FMA's <lh.com>

website, this was not an assertion of the federally registered LUFTHANSA Mark but rather an argument that pertained to FMA's lack of a bona fide right or interest in the Domain Name and its bad faith. (*See e.g.,* Exhibit 1 at p. 9, ¶26).

Furthermore, any assertion of potential claims for trademark infringement, unfair competition, trademark dilution or cybersquatting made by Lufthansa related solely to the LH Mark. (*See* Exhibit 1, at attached Ex. B, Dec. 13, 2006 letter to FMA counsel discussing claims with regard to only the LH Mark). Indeed, as FMA apparently overlooks, an unregistered, common law-based trademark, such as the LH Mark, can be asserted through certain Lanham Act claims, namely unfair competition, trademark dilution claims, and cybersquatting. *See* 15 U.S.C. § 1125. Lufthansa never threatened or asserted a federal Lanham Act infringement claim (or any other Lanham Act claim) with regard to the federally registered LUFTHANSA Mark. Lufthansa's decision not to assert the LUFTHANSA Mark is most evidenced by the pre-arbitration letter to FMA and Lufthansa's arbitration papers themselves, none of which <u>even mentioned</u> the federally registered Lufthansa Mark but rather only the common law LH Mark. (Emphasis added).

FMA's argument that Lufthansa intends "to pursue claims beyond those related to the Domain Name," *i.e.,* unfair competition under the Lanham Act and a claim under the Anticybersquatting Protection Act, is not only unsupported, but also misses the point entirely. (*See* Opp. at 9). Again, all claims that Lufthansa has asserted or intends to assert relate to the LH Mark. Given FMA's decision to file this lawsuit and challenge the ICANN arbitration decision awarding Lufthansa the Domain Name, it is undoubtedly within Lufthansa's right to bring an anticybersquatting claim on the basis that FMA has a bad faith intent to profit from the LH Mark in using Domain Name (<lh.com>), which is identical or confusingly similar to the LH Mark.

This certainly does not bring the federally registered LUFTHANSA Mark into play, nor give FMA a right to seek the cancellation of this federally registered LUFTHANSA Mark.

FMA further misconstrues Lufthansa's statements regarding the origin of the LH Mark—Lufthansa never argued that the LH Mark was derivative of the LUFTHANSA Mark. In an effort to provide the UDRP Panel with some background, in its UDRP complaint, Lufthansa simply stated the LH Mark derived from Lufthansa's original corporate name "*Luft Hansa*", which was originally written as two words with "Luft" meaning air and "Hansa" referring to the Hanseatic League. (*See* Ex. 1, UDRP Complaint at p. 4). This statement in no way constitutes an assertion of the federally registered LUFTHANSA Mark against FMA or an assertion that the LH Mark derives from the LUFTHANSA Mark such that they are inextricably intertwined.

And while reasonable apprehension of a lawsuit relating to the LUFTHANSA Mark is clearly lacking, declaratory judgment jurisdiction cannot be established even under the *MedImmune* standard. *MedImmune, Inc. v. Genentech, Inc.,* 127 S.Ct. 764, 771 (2007). Again, as consistently alleged by Lufthansa, FMA's operation of the <lh.com> web site violates its rights in the LH Mark (not the federally registered LUFTHANSA Mark). Through the operation of the <lh.com> web site, FMA has only used and only intends to use the LH Mark—not the federally registered LUFTHANSA Mark. FMA is not using the federally registered LUFTHANSA Mark nor can it show a definite intention that it will use the LUFTHANSA Mark. *See Geisha, LLC v. Tuccillo,* 525 F. Supp. 2d 1002, 1017-18 (N.D. Ill. 2007) and *Vantage Trailers, Inc. v. Beall Corp.,* No. H-06-3008, 2008 U.S. Dist. LEXIS 7133 at *18 (Jan. 31, 2008 S.D. Tex.), applying *MedImmune*. FMA has failed to identify any activity in which it is engaged and which would create an issue of infringement of the LUFTHANSA Mark. Therefore, under *MedImmune,* FMA has failed to sustain its burden of showing a substantial controversy of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to the LUFTHANSA Mark.

In further attempts to bolster its otherwise meritless position, FMA misstates the applicable law governing the right to seek cancellation of a federally registered trademark. Under the correct interpretation of the law, FMA's cancellation claim is improperly before this Court. Despite FMA's attempts to turn this into one, this lawsuit is not an action involving the right to a federally registered trademark or the right to maintain the registration of a federally registered trademark as required under § 1119 of the Lanham Act. In *Big Dipper, Inc. v. Wells' Dairy, Inc.*, the Court held that the plaintiff had placed the validity and enforceability of the federally registered trademark in issue by asserting that the defendant had infringed the mark and that as such, the defendant's counterclaim for cancellation of the plaintiff's trademark was properly before the Court. *Id.* at *7, relying upon *Universal Sewing Machine Co. v. Standard Sewing Equip. Co.,* 185 F. Supp. 257 (S.D.N.Y. 1960) (the court stated, "the *Universal Sewing* court specifically excepted the instant situation (*i.e.*, some independent basis for jurisdictions exists—here, an infringement action-and the validity of the trademark is brought into question by way of counterclaim) from the rule that exhaustion may be required prior to bringing a declaratory judgment offensively for cancellation). The facts of *Big Dipper* starkly contrast to the facts here, where Lufthansa never brought the validity or enforceability of the trademark at issue into question.

FMA also argues that because it has another claim seeking declaratory judgment that the LH Mark is invalid, void and/or otherwise unenforceable (Count II), as well as additional claims for tortious interference (Count III) and for fraud (Count IV), there is an "independent basis for jurisdiction" that legitimizes its pending cancellation claim (Count V). This argument

misconstrues the law. These claims don't provide an independent basis for FMA to cancel and challenge an entirely different trademark, the federally registered LUFTHANSA Mark. In order for the cancellation claim to be properly before a federal court, there has to be an independent basis for jurisdiction as to the mark for which cancellation is being sought. As stated above, there is no declaratory judgment jurisdiction as to the federally registered LUFTHANSA Mark.

Finally, and in conclusion, when the frailty of FMA's arguments are examined, it becomes apparent that FMA is really grasping at straws to create a case or controversy regarding the federally registered LUFTHANSA trademark, and is doing so for the sole purpose of bootstrapping its cancellation claim. FMA's cancellation claim is in turn based on a spurious fraud allegations regarding the claimed first use date in the federal registration. In view of the lack of jurisdiction to challenge this federally registered LUFTHANSA Mark, a discussion of the merits in these papers would be inappropriate. Nonetheless, for the record, Lufthansa vehemently denies any wrongdoing or fraud in connection with the federally registered LUFTHANSA trademark application.

In conclusion, FMA's overly broad Count I for declaratory judgment and its cancellation claim (Count V) should be dismissed for lack of subject matter jurisdiction.

Dated:    New York, New York
             June 16, 2008

                                                Respectfully submitted,

                                                MCDERMOTT WILL & EMERY LLP

                                                By: _/s/ Christine A. Pepe_____

                                                Dennis J. Mondolino (DM2221)
                                                Christine A. Pepe (CP5688)
                                                340 Madison Avenue
                                                New York, New York 10173
                                                (212) 547-5400

                                                Attorneys for Defendant
                                                Deutsche Lufthansa AG

TO:    James E. Rosini, Esq.
          Michael Kelly, Esq.
          Kenyon & Kenyon
          One Broadway
          New York, NY 10004-1007

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that, pursuant to 28 U.S.C. §1746, on Monday, June 16, 2008, I served the accompanying Reply Memorandum in Support of Defendant Deutsche Lufthansa AG's Motion to Dismiss Pursuant to Rule 12(B)(1) for Lack of Subject Matter Jurisdiction upon all those having appeared in this matter, and in accordance with the rules of this Court.

Dated: New York, New York
       June 16, 2008

*[signature]*
Amelia J. Crowley