USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
FUTURE MEDIA ARCHITECTS, INC.,

           Plaintiff,

    -against-                              08 Civ. 2801 (LAK)

DEUTSCHE LUFTHANSA AG,

           Defendant.
------------------------------------------x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Plaintiff at some point registered the domain name <www.lh.com>. Defendant Deutsche Lufthansa, which operates Lufthansa Airlines, after trying unsuccessfully to buy the domain name from plaintiff, filed a UDRP complaint against plaintiff. The UDRP panel ultimately ordered plaintiff to transfer the domain name to defendant. Plaintiff then commenced this action.

       The first amended complaint contends that defendant's UDRP complaint falsely stated that defendant was founded in 1926 and that its rights in the LH mark date back to 1929. The falsity is said to lie in the facts that (1) the original Lufthansa ceased operations in 1945 upon Germany's defeat in World War II, (2) defendant, as distinguished from the pre-war Lufthansa, was formed in 1953, and (3) defendant is not the legal successor to the original Lufthansa. The complaint contains five claims. The first seeks a declaration that plaintiff's ownership of the domain name does not violate any rights of the defendant. The second seeks a declaration that defendant's alleged LH mark

is invalid, void or unenforceable. The third and fourth seek damages for alleged tortious interference and fraud. Finally, the fifth seeks cancellation of defendant's registered mark LUFTHANSA. Defendant moves to dismiss the first and fifth claims for lack of subject matter jurisdiction, arguing in substance that there is no cognizable case or controversy with respect to the LUFTHANSA mark.

A declaratory judgment action satisfies Article III's requirement of a case or controversy only if "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (internal quotation marks omitted). In this case, it is reasonably plain that there is no substantial controversy, let alone one of sufficient immediacy and reality, concerning whether plaintiff's alleged ownership of the domain name violates defendant's rights in the LUFTHANSA mark as opposed to its alleged LH mark. Plaintiff's arguments to the contrary are unpersuasive.

The fifth claim seeks cancellation of the registered LUFTHANSA mark on the theory that it was obtained by the "fraud" outlined above – the inaccurate description of this defendant in terms that assumed it to be the legal successor of the original Lufthansa when, in fact, it was newly created eight years after the war. 15 U.S.C. § 1119 permits a court, "[i]n any action involving a registered mark," to "determine the right to registration, order the cancellation of registrations . . . , and otherwise rectify the register with respect to the registrations of any party to the action." But this does not confer standing upon one and all to commence an action that in some existential sense might be said to "involv[e] a registered mark" and to seek its cancellation. Rather, "[a] plaintiff has

3

standing to seek cancellation of a federally registered trademark if it has a real commercial interest in its own marks and a reasonable basis for its belief that it would be damaged in the absence of cancellation." *Citigroup Inc. v. City Holding Co.*, No. 99 Civ. 10115 (RWS), 2003 WL 282202, at *15 (S.D.N.Y. Feb. 10, 2003) (citing *Aerogroup Int'l Inc. v. Marlboro Footworks, Ltd.*, 977 F. Supp. 264, 266-67 (S.D.N.Y.1997)). While the Court assumes that plaintiff has a real commercial interest in the domain name (or, perhaps more accurately, that it did prior to the UDRP decision), it sees no reasonable basis for plaintiff's claim that it would be damaged in the absence of cancellation of the LUFTHANSA mark. The crux of the dispute between the parties is LH, not LUFTHANSA. Hence, even putting aside the improbability that the alleged error concerning whether defendant is the legal successor to the original Lufthansa would have been material and could warrant cancellation in a proper case, this plaintiff lacks standing.

Accordingly, defendant's motion to dismiss the first and fifth claims for lack of subject matter jurisdiction is granted to the extent that the fifth claim and so much of the first as seeks a declaration that plaintiff's alleged ownership of the domain name does not violate defendant's rights in the LUFTHANSA mark is granted. It is denied in all other respects.

SO ORDERED.

Dated:    July 8, 2008

_____
Lewis A. Kaplan
United States District Judge